**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEPIDEH CIRINO, an individual, | No.   19-55817 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00409-DOC-JDE |
| and | |
| THE CIRINO FAMILY TRUST, an Irrevocable Trust (plaintiff in pro se personally as well as trustee for the Cirino Family Trust), | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| OCWEN LOAN SERVICING LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 6, 2020**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sepideh Cirino, individually and as trustee of The Cirino Family Trust, appeals pro se from the district court's order dismissing with prejudice her second amended complaint. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), and we affirm.

Cirino contends that the district court erred by dismissing all claims in her second amended complaint and several claims in her first amended complaint with prejudice because the complaints adequately alleged that the defendants had no ownership rights in the note secured by a deed of trust on certain real property and, as a result, had no legal authority to commence a nonjudicial foreclosure on the property. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal."). The district court did not err by concluding the complaints failed to state causes of action on this theory notwithstanding the conclusory allegations that the note was discharged in bankruptcy or as a result of the Troubled Asset Relief Program and that the defendants, as assignees and agents, are not the true holders of the note. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (explaining claim must be facially plausible to survive motion to dismiss and court need not accept as true legal conclusions presented as factual allegations).

Further, contrary to Cirino's contention, the district court did not make impermissible factual findings and instead permissibly evaluated whether the pleadings contained sufficient factual allegations to plausibly demonstrate the elements of each asserted claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (setting forth plausibility pleading standard); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (recognizing court may consider matters of public record and documents incorporated by reference in complaint without converting motion to dismiss into motion for summary judgment); *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) ("In reviewing a Rule 12(b)(6) motion . . . [t]he court need not accept as true . . . allegations that contradict facts that may be judicially noticed by the court" (internal citations omitted)).

The district court also did not err by dismissing Cirino's misrepresentation-based claims predicated on allegedly false statements regarding the amounts owed on the loan because the second amended complaint failed, at a minimum, to allege facts plausibly demonstrating detrimental reliance. *See, e.g.*, *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007) (justifiable reliance as an element of intentional misrepresentation); *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986) (justifiable reliance as an element of negligent misrepresentation).

Because Cirino's demand for accounting was a derivative claim, the district court did not err by dismissing it after concluding that the second amended complaint

19-55817

failed to state any predicate claims. *See Duggal v. G.E. Capital Commc'ns Servs., Inc.*, 81 Cal. App. 4th 81, 95 (2000) ("The right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims.").

Finally, the district court did not abuse its discretion in resolving defendants' requests for judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018).

**AFFIRMED.**